No. 57618.—Keepnews Co. and Intra-Mar Transport Corp. v. United States, protests 176122–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of figures or figurines similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiffs was sustained.

No. 57619.—Dolliff & McGrath v. United States, protests 165438–K, etc. (Portland, Maine).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of hair-on leather, a side upper leather made from calfskins, not in a form or shape suitable for conversion into footwear, the same in all material respects as that the subject of *Carey & Skinner, Inc.* v. *United States* (29 Cust. Ct. 8, C. D. 1436), the claim of the plaintiff was sustained.

No. 57620.—R. J. Saunders & Co., Inc. v. United States, protest 195206–K (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of earthenware teapots and coffeepots, each encased in a metal felt-lined cozy, the same in all material respects as the merchandise the subject of *Leon Marks* v. *United States* (28 Cust. Ct. 98, C. D. 1393), the claim of the plaintiff was sustained.

No. 57621.—Dolliff & McGrath v. United States, protest 208800–K (Boston).

Opinion by JOHNSON, J.   At the trial, it was established that bale YN/LP 6715/2955, No. 3, which was short-shipped, was subsequently imported and entered under entry 3732; that the entry in question, 2651, covering the original shipment upon which the shortage was reported, bore no notation that there had been an extract of the invoice for one bale covered by entry 3732, but that entry 3732 contained such information.   The court held that it was clear from the evidence that duty upon the bale involved was assessed twice.   On the record presented and following *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), it was held that duty is not assessable upon the bale in question.